IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RWN DEVELOPMENT GROUP, LLC<br>235 Holliday Street<br>Baltimore, Maryland 21202, | ) ) ) ) | |
| 1700 KALORAMA CONDOMINIUM<br>LLC<br>9410 River Road<br>Potomac, Maryland 20854, | ) ) ) ) ) | Case No. _____ |
| and | ) ) | |
| RICHARD W. NAING<br>9410 River Road<br>Potomac, Maryland 20854, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| THE TRAVELERS INDEMNITY<br>COMPANY OF CONNECTICUT<br>One Tower Square<br>Hartford, Connecticut 06183, | ) ) ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company of Connecticut ("Travelers"), by its

undersigned counsel, pursuant to 28 U.S.C. § 1446, hereby removes this action from the

Superior Court for the District of Columbia to the United States District Court for the

District of Columbia.  The grounds for removal are:

07489/0/00310157.WPDv1                    1

1.      Plaintiffs RWN Development Group, LLC, 1700 Kalorama Condominium LLC, and Richard W. Naing brought this action in the Superior Court for the District of Columbia against Travelers. That action is captioned *RWN Development Group, LLC et al. v. The Travelers Indemnity Company of Connecticut*, Civil Action No. 0005295-07, and is referred to hereinafter as the "Superior Court Action." True and correct copies of the Summons, Complaint, and Initial Order in the Superior Court Action are attached hereto as Exhibit A. No other process, pleadings, orders, or papers have been served on Travelers in the Superior Court Action.

2.      Plaintiffs served Travelers' registered agent with process no earlier than July 31, 2007, the date of the summons. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after receipt by service of the Summons and Complaint, which was the initial pleading setting forth the claims for relief upon which this action is based.

3.      According to the Complaint, Plaintiff RWN Development Group, LLC is a Maryland limited liability company with its principal place of business in Baltimore, Maryland. It is therefore a citizen of Maryland.

4.      According to the Complaint, Plaintiff 1700 Kalorama Condominium LLC is a District of Columbia limited liability company with its principal place of business in Potomac, Maryland. It is therefore a citizen of the District of Columbia and Maryland.

5.     According to the Complaint, Plaintiff Richard W. Naing is a citizen of Maryland.

6.     Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  It is therefore a citizen of Connecticut.

7.     Because Plaintiffs are citizens of Maryland and the District of Columbia, and because Travelers is a citizen of Connecticut, diversity of citizenship exists.

8.     The Complaint does not specify a monetary demand.  On information and belief, Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs.

9.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00.

10.     Removal of this lawsuit is authorized by 28 U.S.C. § 1441(a).

11.     Attached hereto as Exhibit B is a copy of the notice to the clerk of the Superior Court for the District of Columbia of the filing of this notice of removal, the original of which is being filed with the Clerk of the Superior Court for the District of Columbia, as required by 28 U.S.C. §1446(d).

12.     Attached hereto as Exhibit C is a copy of the Notice to the Adverse Party of the Filing of the Notice of Removal, the original of which is being served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

Lee H. Ogburn, Bar No. MD 00118
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410.752.6030 (voice)
410.539.1269 (facsimile)

*Attorneys for Defendant*

Dated: August 30, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2007, a copy of this

Notice of Removal was sent by first-class mail, postage prepaid, to:

Richard W. Luchs, Esquire
William C. Casano, Esquire
Roger D. Luchs, Esquire
Greenstein Delorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605

Steven M. Klepper

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RWN Development Group, LLC; 1700 Kalorama Condominium LLC; and Richard W. Naing | The Travelers Indemnity Company of Connecticut |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **88888**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard W. Luchs, William C. Casano, and Roger D. Luchs
Greenstein Delorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-560
(202) 452-14005

ATTORNEYS (IF KNOWN)

Lee H. Ogburn and Steven M. Klepper
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030

### II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ◉ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ◉ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☒ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §1332: diversity jurisdiction over claim for breach of contract

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** in excess of 75,000   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   August 30, 2007   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RWN Development Group, LLC
235 Holliday Street
Baltimore, MD 21202

and

1700 Kalorama Condominium LLC
9410 River Road
Potomac, MD 20854

and

Richard W. Naing
9410 River Road
Potomac, MD 20854

      *Plaintiffs,*

v.

The Travelers Indemnity Company of
Connecticut
One Travelers Square
Hartford, CT 06183

SERVE: Corporation Service Company
      1090 Vermont Ave., NW, Suite 430
      Washington, DC 20005

      *Defendant.*

---

**RECEIVED**
CIVIL CLERK'S OFFICE

JUL 3 1 2007

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

---

0005295-07

Civil Action No.: 2007 CA _____

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES

Plaintiffs, by and through their undersigned counsel, bring this Complaint and state as follows:

1.    Plaintiff RWN Development Group, LLC ("RWN") is a Maryland limited liability company with its principal place of business at 235 Holliday Street, Baltimore,

318086v1

Maryland 21202. RWN at all times relevant hereto was the sole managing member of Plaintiff 1700 Kalorama Condominium, LLC.

2.    1700 Kalorama Condominium LLC ("Condo, LLC") is a District of Columbia limited liability company with its principal place of business at 9410 River Road, Potomac, Maryland 20854.

3.    Richard W. Naing is an individual who has an ownership interest in RWN and Condo, LLC, is manager of RWN, and resides at 9410 River Road, Potomac, Maryland 20854.

4.    Defendant The Travelers Indemnity Company of Connecticut ("Travelers") is a Connecticut company, registered in the District of Columbia with the Department of Insurance, Securities and Banking, and which does business, including issuing policies of insurance, in the District of Columbia. Defendant's principal place of business is at One Tower Square, Hartford, CT 06183 and it maintains a registered agent in the District of Columbia for service of process.

5.    This Court has jurisdiction of the case pursuant to D.C. Code § 13-423, and venue is proper pursuant to D.C. Code § 11-921.

6.    During November 2004, Defendant issued to Condo, LLC an insurance policy providing general liability, business owners, and boiler and machinery coverage concerning a condominium, known as 1700 Kalorama Lofts, to be developed by Condo, LLC at 1700 Kalorama Road, NW, Washington, DC (the "Property"). The policy bears number I-680-5076B416-TCT-04 (the "Policy").

7.    Under the terms of the policy, all of the Plaintiffs herein were insureds ("Insureds").

8.    Among Defendant's obligations under the Policy was the duty to pay those sums the insureds become legally obligated to pay as damages because of bodily injury or property

2

damage to which the Policy applies and to defend the Plaintiff Insureds against any suit seeking damages for any such bodily injury or property damage.

9.    In 2006, a series of lawsuits (the "Lawsuits") were filed against some or all of the Plaintiffs related to the Property.  Specifically, on or about July 5, 2006, Tommy Rodgers and Sharon Bresin filed Civil Action No. 5141-06 against RWN, Condo LLC, and Richard Naing in the Superior Court of the District of Columbia ("Rodgers Case").  On or about July 18, 2006, Julia Hyman Tomala filed Civil Action No. 5505-06 against RWN, Condo LLC, and Richard Naing in the Superior Court of the District of Columbia ("Tomala Case"), and on or about December 5, 2006, The Unit Owners' Association of 1700 Kalorama Lofts filed Civil Action No. 2006 CA 8677B ("Association Case") against Condo, LLC in the Superior Court of the District of Columbia.

10.    The Rodgers and Tomala cases allege causes of action for breach of contract, negligence, negligent representations, intentional misrepresentation, concealment or nondisclosure and violation of the District of Columbia Deceptive Trade Practices Act in connection with those plaintiffs' respective purchases of condominiums at the Property.  Those plaintiffs generally averred that various problems they encountered at the Property were the result of improper design, installation and construction.  The Tomala and Rodgers plaintiffs are seeking damages for loss of enjoyment and diminished value of their units, discomfort and emotional distress, punitive damages and attorney fees, all arising from the conduct alleged in the respective complaints.

11.    The Association, in its case, alleges breach of contract, breach of express warranties and negligence with respect to the design, installation, construction and maintenance

of the common elements and units of the Property and are seeking compensatory damages as well as costs and attorney fees.

12.    The allegations of the Lawsuits are sufficient to state causes of action within the coverage of the Policy and trigger Defendant's duty to defend the Insureds in those cases.

13.    The Insureds provided Defendant with timely notice of the lawsuits through Defendant's claims handling agent, St. Paul Travelers (now, The Travelers Companies) and they requested that Defendant provide them with a defense.

14.    In September 2006, Douglas Stinson, Claims Representative, sent a letter to counsel for the Insureds noting that he was reviewing the Policy and the Tomala and Rodgers complaints after which he would announce the coverage decision.

15.    In December 2006, with respect to the Rodgers Case, and in January 2007, with respect to the Association and the Tomala Cases, Mr. Stinson sent letters to legal counsel for the Insureds notifying them that the Policy does not provide coverage for the respective Lawsuits and that Defendant would therefore not provide a defense to any of the Insureds. Mr. Stinson cited several bases for the decision, the primary such reason being that the Lawsuits do not allege bodily injury. However, the Policy defines injury as including, *inter alia,* "mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease" and the Tomala and Rogers cases allege emotional distress which clearly comes within the Policy's definition of bodily injury.

16.    On May 2, 3 and 22, 2007, counsel for the undersigned wrote to Mr. Stinson detailing the errors made by Defendant/St. Paul Travelers in the coverage decision involving the respective Insureds, demanding that Defendant provide a defense, and notifying Defendant that

its continued refusal to do so would result in a suit by the Insureds to enforce their rights under the Policy.

17.    When Defendant failed to respond to the many letters, counsel for the Plaintiff Insureds, on June 29, 2007, again sent a letter to Mr. Stinson to prompt action and to remind Defendant of the consequences of its initial coverage decision.

18.    Despite Insureds' efforts, Defendant has failed to address Insureds' demands, to change its coverage decision, or to provide a defense to Insureds in the Lawsuits.

19.    Upon information and belief, Defendant has failed to conduct a reasonable investigation to determine whether the Lawsuits triggered coverage under the Policy.

## COUNT I
### FOR DECLARATORY JUDGMENT

20.    Plaintiffs incorporate by reference the allegations of paragraphs 1-19 as if fully stated herein.

21.    This is an action for a declaratory judgment.  An actual controversy of a justiciable nature exists between Plaintiffs and Defendant involving the meaning of the Policy and how it applies in light of the allegations of the Lawsuits, and whether Defendant is required to provide the Insureds a defense as to the Lawsuits, and coverage for any damages awarded therein.

22.    Through its actions, Defendant has caused the Insureds to incur costs and fees to defend the Lawsuits which costs and fees are Defendant's responsibility under the Policy.

23.    Plaintiffs have no adequate remedy at law and are entitled to specific performance.

24.    Plaintiffs have suffered and will continue to suffer harm as a result of Defendant's conduct.

318086v1

5

WHEREFORE, Plaintiffs request that this Court grant the following relief as to Count I.

A.    A judicial declaration that:

    1.    The allegations of the Lawsuits state causes of action within the coverage of the Policy or otherwise raise the possibility of coverage under the Policy;

    2.    Defendant has a duty under the Policy to defend the Insureds in the Lawsuits; and

    3.    Defendant wrongfully refused to defend the Insureds.

B.    An order that Defendant assume the duty of defending the Insureds in the Lawsuits;

C.    A judgment in favor of Plaintiffs in the amount of all costs, expenses and attorney fees they have incurred to date and will incur in the future in defending the Lawsuits until such time as Defendant assumes Insureds' defense.

D.    A judgment awarding to Plaintiffs the costs of this suit, including reasonable attorneys' fees; and

E.    Such other relief as the Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT

25.    Plaintiffs incorporate by reference paragraphs 1-19 as if fully stated herein.

26.    Plaintiffs gave Defendant timely notice of the Lawsuits.

27.    The allegations of the Lawsuits stated causes of action within the Policy and certainly raised the possibility of coverage such that Defendant was under a duty to defend the Plaintiff Insureds in the Lawsuit.

28.    Defendant breached the contract with Condo, LLC by failing to defend Plaintiffs.

318086v1

6

29. Plaintiffs RWN and Naing are Insureds under the Policy and, at a minimum, are third party beneficiaries under the Policy.

30. Defendant's actions in breaching the insurance agreement has and will continue to cause damage to Plaintiffs in that they have had to pay and will continue to pay the costs of defense of Lawsuits, including attorney fees, which costs and fees should have been paid for by Defendant. Plaintiff's damages exceed $5,000.00

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant for compensatory damages in an amount to be determined at trial, together with the costs of this litigation including reasonable attorney fees, and any other relief this Court deems just and proper.

### COUNT III
### BAD FAITH INSURANCE CLAIMS HANDLING

31. Plaintiffs incorporate by reference the allegations of paragraphs 1-19 and 26-30 as if fully stated herein.

32. Defendant refused to fulfill its duty to defend Plaintiffs against the Lawsuits.

33. Defendant made this refusal without a reasonable basis, and it knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiffs' claim.

34. Defendant's conduct has injured Plaintiffs in that it has caused them to arrange for their own defenses to the Lawsuits and to pay the costs and expenses for doing so. Moreover, Defendant's conduct exposes Plaintiffs to further liability in the event a judgment is rendered in the Lawsuits.

35. Defendant's conduct was willful, wanton, oppressive, malicious, and in willful disregard of Plaintiffs' rights.

318086v1

7

36.     As a direct and proximate result of Defendant's conduct, Plaintiffs have and will incur damages.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant for compensatory damages in an amount to be determined at trial, for punitive damages, for Plaintiffs' costs, including reasonable attorneys' fees, and for whatever other relief this Court deems proper.

## COUNT IV
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

37.     Plaintiffs incorporate by reference paragraphs 1-19 and 26-30 as if fully stated herein.

38.     District of Columbia law imposes on Defendant a duty of good faith and fair dealing with respect to the Policy and the contract between the parties.

39.     Defendant breached this duty by failing to adequately investigate Plaintiffs' claims and by refusing the Insureds a defense on the Lawsuits on grounds that Defendant knew or should have known were invalid. Defendant's conduct had the effect of destroying or injuring the right of the Insureds to receive the fruits of the Policy.

40.     Defendant's conduct was reckless, wanton, oppressive, and in willful disregard of Plaintiffs' rights.

41.     As a direct and proximate result of Defendant's conduct, Plaintiffs have been injured. In this regard, Plaintiffs have and will continue to suffer consequential damages.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their behalf and against Defendant for consequential damages in an amount to be determined at trial, punitive damages,

Plaintiffs' costs including reasonable attorneys' fees, and for whatever other relief this Court

deems just and proper.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: July 30, 2007

Richard W. Luchs, #243931
William C. Casano, #352492
Roger D. Luchs, #347609
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400
E-mail: rwl@gdllaw.com
E-mail: wcc@gdllaw.com
E-mail: rdl@gdllaw.com

*Attorneys for Plaintiffs*

318086v1

9

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

William C. Casano

318086v1

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

RWN DEVELOPMENT GROUP, LLC )
et al., )
                               )      Civil Action No. 0005295-07
       Plaintiffs,        )      Calendar #:___
v.                               )      Judge: Mary A. Terrell
                               )      Next Event:  Initial Conference
THE TRAVELERS INDEMNITY      )                      November 2, 2007
COMPANY OF CONNECTICUT,      )                      9:15 a.m.
                               )
       Defendant.        )

## WRITTEN NOTICE TO ADVERSE PARTY
## OF FILING OF NOTICE OF REMOVAL IN FEDERAL COURT

To:     Richard W. Luchs, Esquire
        William C. Casano, Esquire
        Roger D. Luchs, Esquire
        Greenstein Delorme & Luchs, P.C.
        1620 L Street, N.W., Suite 900
        Washington, D.C. 20036-5605

PLEASE TAKE NOTICE that a Notice of Removal of the above-captioned action

from the Superior Court of the District of Columbia, to the United States District Court

for the District of Columbia was on this day filed in the United States District Court for

the District of Columbia.  A copy of such notice is attached.



Respectfully submitted,

Steven M. Klepper, #501899
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
410.752.6030 (voice)
410.539.1269 (facsimile)

*Attorneys for Defendant*

Dated: August 30, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2007, a copy of the

foregoing paper was sent by first-class mail, postage prepaid, to

Richard W. Luchs, Esquire
William C. Casano, Esquire
Roger D. Luchs, Esquire
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605

Steven M. Klepper



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RWN DEVELOPMENT GROUP, LLC
    Vs.                                  C.A. No.       2007 CA 005295 B
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A TERRELL
Date:  July 31, 2007
Initial Conference: 9:15 am, Friday, November 02, 2007
Location:  Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

RWN DEVELOPMENT GROUP, LLC          )
et al.,                                                        )
                                                                )    Civil Action No. 0005295-07
          Plaintiffs,                                    )    Calendar #:___
v.                                                             )    Judge: Mary A. Terrell
                                                                )    Next Event:  Initial Conference
THE TRAVELERS INDEMNITY           )                   November 2, 2007
COMPANY OF CONNECTICUT,         )                   9:15 a.m.
                                                                )
          Defendant.                                   )

**WRITTEN NOTICE PURSUANT TO 28 U.S.C. § 1446(d)**
**OF FILING OF NOTICE OF REMOVAL IN FEDERAL COURT**

Please take notice that, pursuant to 28 U.S.C. § 1446(d), a Notice of Removal was

filed on this date in the United States District Court for the District of Columbia with

respect to the above-captioned matter.  Attached hereto is a true and correct copy of the

Notice of Removal for filing in the Superior Court for the District of Columbia to

effectuate the removal of this action to the United States District Court for the District of

Columbia and to stay all further proceedings in this Court.

07489/0/00310157.WPDv1

**EXHIBIT**

**B**

Respectfully submitted,

Steven M. Klepper, #501899
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
410.752.6030 (voice)
410.539.1269 (facsimile)

*Attorneys for Defendant*

Dated: August 30, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2007, a copy of the

foregoing paper was sent by first-class mail, postage prepaid, to

Richard W. Luchs, Esquire
William C. Casano, Esquire
Roger D. Luchs, Esquire
Greenstein Delorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605

Steven M. Klepper

07489/0/00310157.WPDv1                          2