SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RWN Development Group, LLC
235 Holliday Street
Baltimore, MD 21202

and

1700 Kalorama Condominium LLC
9410 River Road
Potomac, MD 20854

and

Richard W. Naing
9410 River Road
Potomac, MD 20854

    *Plaintiffs,*

v.

The Travelers Indemnity Company of
Connecticut
One Travelers Square
Hartford, CT 06183

SERVE: Corporation Service Company
   1090 Vermont Ave., NW, Suite 430
   Washington, DC 20005

    *Defendant.*

RECEIVED
CIVIL CLERK'S OFFICE
JUL 3 1 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

0005295-07

Civil Action No.: 2007 CA _____

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES

   Plaintiffs, by and through their undersigned counsel, bring this Complaint and state as

follows:

   1.  Plaintiff RWN Development Group, LLC ("RWN") is a Maryland limited

liability company with its principal place of business at 235 Holliday Street, Baltimore,

318086v1

Maryland 21202. RWN at all times relevant hereto was the sole managing member of Plaintiff
1700 Kalorama Condominium, LLC.

2. 1700 Kalorama Condominium LLC ("Condo, LLC") is a District of Columbia
limited liability company with its principal place of business at 9410 River Road, Potomac,
Maryland 20854.

3. Richard W. Naing is an individual who has an ownership interest in RWN and
Condo, LLC, is manager of RWN, and resides at 9410 River Road, Potomac, Maryland 20854.

4. Defendant The Travelers Indemnity Company of Connecticut ("Travelers") is a
Connecticut company, registered in the District of Columbia with the Department of Insurance,
Securities and Banking, and which does business, including issuing policies of insurance, in the
District of Columbia. Defendant's principal place of business is at One Tower Square, Hartford,
CT 06183 and it maintains a registered agent in the District of Columbia for service of process.

5. This Court has jurisdiction of the case pursuant to D.C. Code § 13-423, and venue
is proper pursuant to D.C. Code § 11-921.

6. During November 2004, Defendant issued to Condo, LLC an insurance policy
providing general liability, business owners, and boiler and machinery coverage concerning a
condominium, known as 1700 Kalorama Lofts, to be developed by Condo, LLC at 1700
Kalorama Road, NW, Washington, DC (the "Property"). The policy bears number I-680-
5076B416-TCT-04 (the "Policy").

7. Under the terms of the policy, all of the Plaintiffs herein were insureds
("Insureds").

8. Among Defendant's obligations under the Policy was the duty to pay those sums
the insureds become legally obligated to pay as damages because of bodily injury or property

2

318086v1

damage to which the Policy applies and to defend the Plaintiff Insureds against any suit seeking damages for any such bodily injury or property damage.

9.      In 2006, a series of lawsuits (the "Lawsuits") were filed against some or all of the Plaintiffs related to the Property.  Specifically, on or about July 5, 2006, Tommy Rodgers and Sharon Bresin filed Civil Action No. 5141-06 against RWN, Condo LLC, and Richard Naing in the Superior Court of the District of Columbia ("Rodgers Case").  On or about July 18, 2006, Julia Hyman Tomala filed Civil Action No. 5505-06 against RWN, Condo LLC, and Richard Naing in the Superior Court of the District of Columbia ("Tomala Case"), and on or about December 5, 2006, The Unit Owners' Association of 1700 Kalorama Lofts filed Civil Action No. 2006 CA 8677B ("Association Case") against Condo, LLC in the Superior Court of the District of Columbia.

10.     The Rodgers and Tomala cases allege causes of action for breach of contract, negligence, negligent representations, intentional misrepresentation, concealment or nondisclosure and violation of the District of Columbia Deceptive Trade Practices Act in connection with those plaintiffs' respective purchases of condominiums at the Property.  Those plaintiffs generally averred that various problems they encountered at the Property were the result of improper design, installation and construction.  The Tomala and Rodgers plaintiffs are seeking damages for loss of enjoyment and diminished value of their units, discomfort and emotional distress, punitive damages and attorney fees, all arising from the conduct alleged in the respective complaints.

11.     The Association, in its case, alleges breach of contract, breach of express warranties and negligence with respect to the design, installation, construction and maintenance

of the common elements and units of the Property and are seeking compensatory damages as well as costs and attorney fees.

12.     The allegations of the Lawsuits are sufficient to state causes of action within the coverage of the Policy and trigger Defendant's duty to defend the Insureds in those cases.

13.     The Insureds provided Defendant with timely notice of the lawsuits through Defendant's claims handling agent, St. Paul Travelers (now, The Travelers Companies) and they requested that Defendant provide them with a defense.

14.     In September 2006, Douglas Stinson, Claims Representative, sent a letter to counsel for the Insureds noting that he was reviewing the Policy and the Tomala and Rodgers complaints after which he would announce the coverage decision.

15.     In December 2006, with respect to the Rodgers Case, and in January 2007, with respect to the Association and the Tomala Cases, Mr. Stinson sent letters to legal counsel for the Insureds notifying them that the Policy does not provide coverage for the respective Lawsuits and that Defendant would therefore not provide a defense to any of the Insureds. Mr. Stinson cited several bases for the decision, the primary such reason being that the Lawsuits do not allege bodily injury. However, the Policy defines injury as including, *inter alia*, "mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease" and the Tomala and Rogers cases allege emotional distress which clearly comes within the Policy's definition of bodily injury.

16.     On May 2, 3 and 22, 2007, counsel for the undersigned wrote to Mr. Stinson detailing the errors made by Defendant/St. Paul Travelers in the coverage decision involving the respective Insureds, demanding that Defendant provide a defense, and notifying Defendant that

its continued refusal to do so would result in a suit by the Insureds to enforce their rights under the Policy.

17.    When Defendant failed to respond to the many letters, counsel for the Plaintiff Insureds, on June 29, 2007, again sent a letter to Mr. Stinson to prompt action and to remind Defendant of the consequences of its initial coverage decision.

18.    Despite Insureds' efforts, Defendant has failed to address Insureds' demands, to change its coverage decision, or to provide a defense to Insureds in the Lawsuits.

19.    Upon information and belief, Defendant has failed to conduct a reasonable investigation to determine whether the Lawsuits triggered coverage under the Policy.

## COUNT I
### FOR DECLARATORY JUDGMENT

20.    Plaintiffs incorporate by reference the allegations of paragraphs 1-19 as if fully stated herein.

21.    This is an action for a declaratory judgment.  An actual controversy of a justiciable nature exists between Plaintiffs and Defendant involving the meaning of the Policy and how it applies in light of the allegations of the Lawsuits, and whether Defendant is required to provide the Insureds a defense as to the Lawsuits, and coverage for any damages awarded therein.

22.    Through its actions, Defendant has caused the Insureds to incur costs and fees to defend the Lawsuits which costs and fees are Defendant's responsibility under the Policy.

23.    Plaintiffs have no adequate remedy at law and are entitled to specific performance.

24.    Plaintiffs have suffered and will continue to suffer harm as a result of Defendant's conduct.

318086v1

WHEREFORE, Plaintiffs request that this Court grant the following relief as to Count I.

A.     A judicial declaration that:

1.     The allegations of the Lawsuits state causes of action within the coverage of the Policy or otherwise raise the possibility of coverage under the Policy;

2.     Defendant has a duty under the Policy to defend the Insureds in the Lawsuits; and

3.     Defendant wrongfully refused to defend the Insureds.

B.     An order that Defendant assume the duty of defending the Insureds in the Lawsuits;

C.     A judgment in favor of Plaintiffs in the amount of all costs, expenses and attorney fees they have incurred to date and will incur in the future in defending the Lawsuits until such time as Defendant assumes Insureds' defense.

D.     A judgment awarding to Plaintiffs the costs of this suit, including reasonable attorneys' fees; and

E.     Such other relief as the Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT

25.     Plaintiffs incorporate by reference paragraphs 1-19 as if fully stated herein.

26.     Plaintiffs gave Defendant timely notice of the Lawsuits.

27.     The allegations of the Lawsuits stated causes of action within the Policy and certainly raised the possibility of coverage such that Defendant was under a duty to defend the Plaintiff Insureds in the Lawsuit.

28.     Defendant breached the contract with Condo, LLC by failing to defend Plaintiffs.

318086v1

6

29.     Plaintiffs RWN and Naing are Insureds under the Policy and, at a minimum, are third party beneficiaries under the Policy.

30.     Defendant's actions in breaching the insurance agreement has and will continue to cause damage to Plaintiffs in that they have had to pay and will continue to pay the costs of defense of Lawsuits, including attorney fees, which costs and fees should have been paid for by Defendant.  Plaintiff's damages exceed $5,000.00

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant for compensatory damages in an amount to be determined at trial, together with the costs of this litigation including reasonable attorney fees, and any other relief this Court deems just and proper.

### COUNT III
### BAD FAITH INSURANCE CLAIMS HANDLING

31.     Plaintiffs incorporate by reference the allegations of paragraphs 1-19 and 26-30 as if fully stated herein.

32.     Defendant refused to fulfill its duty to defend Plaintiffs against the Lawsuits.

33.     Defendant made this refusal without a reasonable basis, and it knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiffs' claim.

34.     Defendant's conduct has injured Plaintiffs in that it has caused them to arrange for their own defenses to the Lawsuits and to pay the costs and expenses for doing so.  Moreover, Defendant's conduct exposes Plaintiffs to further liability in the event a judgment is rendered in the Lawsuits.

35.     Defendant's conduct was willful, wanton, oppressive, malicious, and in willful disregard of Plaintiffs' rights.

7

318086v1

36.     As a direct and proximate result of Defendant's conduct, Plaintiffs have and will incur damages.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant for compensatory damages in an amount to be determined at trial, for punitive damages, for Plaintiffs' costs, including reasonable attorneys' fees, and for whatever other relief this Court deems proper.

## COUNT IV
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

37.     Plaintiffs incorporate by reference paragraphs 1-19 and 26-30 as if fully stated herein.

38.     District of Columbia law imposes on Defendant a duty of good faith and fair dealing with respect to the Policy and the contract between the parties.

39.     Defendant breached this duty by failing to adequately investigate Plaintiffs' claims and by refusing the Insureds a defense on the Lawsuits on grounds that Defendant knew or should have known were invalid. Defendant's conduct had the effect of destroying or injuring the right of the Insureds to receive the fruits of the Policy.

40.     Defendant's conduct was reckless, wanton, oppressive, and in willful disregard of Plaintiffs' rights.

41.     As a direct and proximate result of Defendant's conduct, Plaintiffs have been injured. In this regard, Plaintiffs have and will continue to suffer consequential damages.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their behalf and against Defendant for consequential damages in an amount to be determined at trial, punitive damages,

Plaintiffs' costs including reasonable attorneys' fees, and for whatever other relief this Court deems just and proper.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  July 30, 2007

_William C. Casano_

Richard W. Luchs, #243931
William C. Casano, #352492
Roger D. Luchs, #347609
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone:  (202) 452-1400
E-mail:  rwl@gdllaw.com
E-mail:  wcc@gdllaw.com
E-mail:  rdl@gdllaw.com

*Attorneys for Plaintiffs*

318086v1

9

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

_William C. Casano_
William C. Casano