IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN Development Group, LLC, *et. al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> The Travelers Indemnity Company of <br><br> *Defendant*. | Civil Action No. 07-1546 (RBW) |

### **MOTION TO REMAND CASE TO**
### **SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

Plaintiffs RWN Development Group, LLC, 1700 Kalorama Condominium LLC and Richard W. Naing, through counsel, hereby file the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c). In support of this Motion, Plaintiffs state as follows:

1.  On July 31, 2007, Plaintiffs filed a Complaint for Declaratory Judgment And for Damages ("Complaint") in the Superior Court for the District of Columbia, Civil Action No. 5295-07. The Complaint arose from the refusal of Defendant, The Travelers Indemnity Company of Connecticut, to assume the defense of Plaintiffs under an insurance policy ("Policy") regarding several suits brought against Plaintiffs ("Underlying Suits"), which Underlying Suits are currently pending in the Superior Court of the District of Columbia. Defendant filed a Notice of Removal on August 30, 2007.

2.  The Complaint contained four counts:

321277v1

        a.      Count I sought a declaratory judgment that; *inter alia*, Defendant had a duty under the Policy to defend Plaintiffs in the Underlying Suits and an Order that Defendant assume such defense;

        b.      Count II alleged Breach of Contract by Defendant and therein alleged that Defendant's breach of its duty to defend Plaintiffs in the Underlying Suits damaged Plaintiffs, and that "Plaintiffs' damages exceed $5,000.00." Complaint at para. 30. Count II sought, *inter alia,* "compensatory damages in an amount to be determined at trial." *Id.* at p. 7.

        c.      Count III alleged Bad Faith Insurance Claims Handling. That Count did not specify the amount of damages, but sought, *inter alia,* "compensatory damages in an amount to be determined at trial." Complaint at p. 8.

        d.      Count IV alleged Breach of Covenant of Good Faith and Fair Dealing. As with Count III, no damages were quantified and Count IV sought "compensatory damages in an amount to be determined at trial." *Id.* at p. 8.

3.      With respect to jurisdictional amount, Defendant's Notice of Removal at para. 8 merely states as follows:

> The Complaint does not specify a monetary demand. On information and belief, Plaintiffs seek in excess of $75,000.00 exclusive of interest and costs.

4.      The Underlying Suits are currently pending and no liability for damages has as yet been imposed on Plaintiff. It is also premature to opine what fees and expenses incurred by, and yet to be incurred by Plaintiffs in defense of the Underlying Suits will be deemed reasonable. Accordingly, Defendant had no basis to conclude that Plaintiff's seek "in excess of $75,000.00."

5. The language of the Complaint does not satisfy the jurisdictional amount requirements of 28 U.S.C. § 1332(a), and Defendant has failed to establish anything to the contrary. Accordingly, this Court lacks jurisdiction.

6. Plaintiffs respectfully refer this Court to the accompanying Memorandum of Points and Authorities In Support of Motion to Remand, which they hereby incorporate by reference.

WHEREFORE, Plaintiffs request that this Court grant their motion and remand the case to the Superior Court for the District of Columbia.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: September 19, 2007

/S/
William C. Casano, #352492
Richard W. Luchs, #243931
Roger D. Luchs, #347609
1620 L Street, N.W., Suite 900
Washington, DC  20036-5605
Telephone:  (202) 452-1400
E-mail:  rwl@gdllaw.com
E-mail:  wcc@gdllaw.com
E-mail:  rdl@gdllaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN Development Group, LLC, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>The Travelers Indemnity Company of<br><br>*Defendant*. | Civil Action No. 07-1546 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs RWN Development Group, LLC, 1700 Kalorama Condominium LLC and Richard W. Naing hereby file the instant Memorandum of Points and Authorities In Support of their motion to remand. The case should be remanded because Defendant has not carried its burden of proof regarding the jurisdictional amount requirements applicable to diversity cases under 28 U.S.C. § 1332(a).

BACKGROUND

As noted in Plaintiffs' motion, they filed a four court complaint against Defendant, The Travelers Indemnity Company, on July 31, 2007. The Complaint arose out of Defendant's refusal to assume the defense of Plaintiffs with respect to certain lawsuits ("Underlying Suits") currently pending against Plaintiffs in the Superior Court of the District of Columbia. Plaintiffs allege that under an insurance policy issued by Defendant to Plaintiff 1700 Kalorama Condominium LLC, to which other parties were either insureds or third party beneficiaries,

321811v1

Defendant has a duty to defend them in the Underlying Suits, which duty Defendant breached by rejecting their requests for a defense.

Count I of the Complaint sought a declaratory judgment that, *inter alia*, Defendant had a duty under the Policy to defend Plaintiffs in the Underlying Suits.  Count II for Breach of Contract alleged that Defendant breached the Policy by failing to defend Plaintiffs and that "Plaintiffs' damages exceed $5,000.00."  Compl. at para. 30.  Plaintiffs asked for compensatory damages "in an amount to be determined at trial."  Counts III (Bad Faith Insurance Claims Handling) and IV (Breach of Covenant of Good Faith and Fair Dealing) did not quantify any loss sustained, and also asked for, *inter alia*, compensatory damages in an amount to be determined at trial."

In its Notice of Removal, paragraph 8, the only allegations of Defendant with respect to jurisdictional amount were that:

> The Complaint does not specify a monetary demand.  On information and belief, Plaintiffs seek in excess of $75,000.00, exclusively of interests and costs.

Defendant has failed to satisfy its burden to establish the jurisdiction of this Court, and remand is therefore mandated.

With respect to removal, defendant bears the burden of proof that the District Court has jurisdiction.  *Phillips v. Corrections Corp. of America*, 407 F. Supp. 2d 18, 20 (DDC 2005).  In this regard, the District Court is required to construe its own jurisdiction narrowly, and to resolve any doubts about the existence of jurisdiction in favor of remand.  *Harding-Wright v. D.C. Water & Sewer Authority*, 350 F. Supp. 2d 102, 104 (DDC 2005); *International Union of Bricklayers & Allied Craftworkers v. Insurance Co. of the West*, 366 F. Supp. 2d 33, 36 (DDC 2005).  Accordingly, it has been held that federal courts are of limited jurisdiction and therefore the law

"presumes that 'a cause of action lies outside of [the court's] limited jurisdiction.'" *Julien v. CCA of Tennessee, Inc.,* 268 F. Supp. 2d 19, 21 (DDC 2003) (Citations omitted); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (Courts must "rigorously enforce" Congress' intent to restrict federal jurisdiction in diversity cases, and the presumption is therefore against removal jurisdiction.).

With respect to jurisdictional amount, the grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Julien, supra,* 268 F. Supp. 2d at 22. (Defendant failed to prove the amount in controversy where the complaint demanded "damages in an amount to be determined by a jury, but not less than $50,000.00 . . ." and discovery conducted before the notice for removal was filed did not alter that amount). See also *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291 (2d Cir. 2000) (In determining whether defendant has established that plaintiff's claim exceeds the statutory jurisdictional amount, the court looks first to the complaint and then to defendant's petition for removal); *Martin v. Franklin Capital Corp., supra,* 251 F.3d at 1291; *Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402 *(7th Cir. 2004)* (Court rejected removal looking to the amount in controversy based on the complaint and record at removal time); *Fuller v. Exxon Corp.,* 131 F. Supp. 2d 1323 (D. Ala. 2001) (Amount in controversy determined by record as it existed at the time the notice of removal was filed).

The fact that there is a possibility that the case might satisfy the jurisdictional amount is of no consequence -- strict construction of the removal statute requires the presence of actual grounds at the time the notice for removal is filed. *Julian, supra* at 22. See, also *Saberton v. Sears Roebuck & Co.,* 392 F. Supp. 2d 1358, 1359 (D. Fla. 2005) (Defendant must establish jurisdictional amount by a legal certainty.). A showing based "on information and belief," as is

321811v1    3

the situation in the instant case, is inadequate. <u>Valdez v. Allstate Ins. Co.,</u> *372 F.3d 1115, 1117 (9th Cir. 2004)*; See, also <u>Gaus v. Miles, Inc.,</u> *980 F.2d 564, 567 (3d Cir. 1992)* (Mere averments of jurisdictional amount do not satisfy defendant's burden of proof for removal.).

The Complaint in the instant case does not satisfy Defendant's burden of proof. The only quantification of damages therein is in paragraph 30 where it is alleged that "Plaintiffs' damages exceed $5,000.00." Nor does Defendant's statement as to the jurisdictional amount "on information and belief" contained in its Notice of Removal satisfy Defendant's burden of proof. Accordingly, given the strict construction of the removal statute and the presumption that a cause of action lies outside this jurisdiction, this case must be remanded to the Superior Court of the District of Columbia.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: September 19, 2007

        /S/
William C. Casano, #352492
Richard W. Luchs, #243931
Roger D. Luchs, #347609
1620 L Street, N.W., Suite 900
Washington, DC  20036-5605
Telephone:  (202) 452-1400
E-mail:  rwl@gdllaw.com
E-mail:  wcc@gdllaw.com
E-mail:  rdl@gdllaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN Development Group, LLC, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>The Travelers Indemnity Company of<br><br>*Defendant*. | Civil Action No. 07-1546 (RBW) |

### **O**RDER

Upon consideration of Plaintiffs' Motion to Remand case and the entire file herein, it is this ___ day of _____, 2007 hereby:

ORDERED that Plaintiffs' motion will be and hereby is GRANTED; and it is further;

ORDERED that this case is REMANDED to the Superior Court of the District of Columbia.

_____
Hon. Reggie B. Walton,
United States District Judge

322032v1