IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN DEVELOPMENT GROUP, LLC et al., <br><br> Plaintiffs, <br> v. <br><br> THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> Defendant. | Civil No. 07-1546 (RBW) |

## ANSWER

Defendant The Travelers Indemnity Company of Connecticut ("Travelers"), by its undersigned attorneys, responds to the Complaint as follows:

1-3.    Admitted, on information and belief.

4.    In response to the allegations of paragraph 4, Travelers states that it is a Connecticut corporation with its principal place of business in Hartford, Connecticut, and that it is licensed to do business in the District of Columbia.

5.    The allegations of paragraph 5 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.    In response to the allegations of paragraph 6, Travelers states that it issued a policy ("the Policy"), numbered I-680-5076B416-TCT-04, effective 11/12/2004 to 11/16/2005, with limits of $1 million per occurrence.

      7-8.    In response to the allegations of paragraphs 7 and 8, Travelers states that the Policy speaks for itself.

      9-11.  In response to the allegations of paragraphs 9 through 11, Travelers admits that the Lawsuits were filed against some or all of the Plaintiffs. Travelers further states that the complaint in the Rodgers Case seeks damages of $125,000.00, that the complaint in the Tomala Case seeks damages of $152,880.00, and that the complaint in the Association Case seeks damages of not less than $525,000.00.

      12.    Denied.

      13.    In response to the allegations of paragraph 13, Travelers states that Plaintiffs provided notice of the Lawsuits to Travelers and requested a defense, Travelers denies the allegation that "St. Paul Travelers" served as its "claims handling agent," and Travelers states that the characterization of Plaintiffs' notice as "timely" is a legal conclusion, to which no response is required.

      14.    In response to the allegations of paragraph 14, Travelers states that the letter identified therein speaks for itself.

      15.    In response to the allegations of the first sentence of paragraph 15, Travelers states that, upon review of the complaints in the Lawsuits, Travelers determined that no potential coverage under the Policy existed and therefore informed Plaintiffs that Travelers would not defend or indemnify Plaintiffs with respect to the Lawsuits. In response to the allegations of the remainder of paragraph 15, Travelers states that the letter identified therein speaks for itself, that the Policy speaks for itself, and that

Plaintiffs' assertions regarding coverage constitute legal conclusions, to which no response is required.

16-17.  In response to the allegations of paragraphs 16 and 17, Travelers states that the letters identified therein speak for themselves.

18.     In response to the allegations of paragraph 18, Travelers states that it validly denied coverage for the Lawsuits.

19.     Denied.

20.     Travelers incorporates by reference its responses to paragraphs 1 through 19.

21-24.  The allegations of paragraphs 21 through 24 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Travelers states that the Policy speaks for itself and denies that it breached the Policy.

25.     Travelers incorporates by reference its responses to paragraphs 1 through 19.

26.     The allegations of paragraph 26 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27-29.  The allegations of paragraphs 27 through 29 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Travelers states that the Policy speaks for itself and denies that it breached the Policy.

30. The allegations of paragraph 30 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers denies that it breached the Policy but states that Plaintiffs' defense costs with respect to the Lawsuits will exceed $75,000.

31. Travelers incorporates by reference its responses to paragraphs 1 through 19 and 26 through 30.

32. In response to the allegations of paragraph 32, Travelers states that it denied coverage for the Lawsuits.

33. Denied.

34. In response to the allegations of paragraph 34, Travelers states that Plaintiffs must pay the cost of their defense in the Lawsuits and any judgments entered against them therein because the Policy does not apply to the lawsuits, not because of any breach by Travelers.

35-36. Denied.

37. Travelers incorporates by reference its responses to paragraphs 1 through 19 and 26 through 30.

38. The allegations of paragraph 38 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39-41. Denied.

**All allegations not specifically admitted above are hereby denied.**

<u>AFFIRMATIVE DEFENSES</u>

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     District of Columbia law does not recognize the causes of action asserted at Counts III and IV of the Complaint or the accompanying prayer for punitive damages.

3.     Plaintiffs' rights, if any, against Travelers are subject to and limited by the terms of the Policy, including all conditions, exclusions, definitions, deductibles, and limits of liability.

4.     To the extent that the Court determines that Travelers has no duty to defend Plaintiffs against the Lawsuits, Travelers further has no obligation to indemnify Plaintiffs with respect to any judgment entered against them in the Lawsuits.

5.     Travelers reserves the right to assert other defenses as additional facts become known.

                     Respectfully submitted,

                         /s/ Steven M. Klepper     
                     Lee H. Ogburn, Bar No. MD 00118
                     Steven M. Klepper, Bar No. MD 26664
                     KRAMON & GRAHAM, P.A.
                     One South Street, Suite 2600
                     Baltimore, Maryland  21202
                     410.752.6030 (voice)
                     410.539.1269 (facsimile)

                     *Attorneys for Defendant*

Dated: September 21, 2007