IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN Development Group, LLC, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>The Travelers Indemnity Company of Connecticut,<br><br>*Defendant*. | Civil Action No. 07-1546 (RBW) |

### PLAINTIFFS' REPLY CONCERNING MOTION TO REMAND CASE TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Plaintiffs RWN Development Group, LLC, 1700 Kalorama Condominium LLC and Richard W. Naing, through counsel and pursuant to LCvR 7(d), hereby file the following Reply to Defendant's Opposition to Plaintiffs' Motion to Remand Case to the Superior Court of the District of Columbia.

In its memorandum in support of the motion, Plaintiffs cited case authority from this Court establishing that the defendant bears the burden of proving jurisdiction regarding removal, that the District Court is required to construe its own jurisdiction narrowly and to resolve any doubts about the existence of jurisdiction in favor of remand, and that the law presumes that a cause of action lies outside the court's limited jurisdiction. See Memorandum of Points and Authorities In Support of Plaintiffs' Motion to Remand ("Plaintiffs' Memorandum") at 1-2. In its Opposition, Defendant The Travelers Indemnity Company of Connecticut ("Travelers" or "Defendant") offers no contrary authority to these precepts.

323664v1

Plaintiffs also pointed out in their Memorandum that with respect to jurisdictional amount, the Court looks to the complaint and petition for removal and bases its conclusions on the record at removal time. Plaintiffs' Memorandum at 2. In this regard, Plaintiffs noted that the Complaint only alleges that Plaintiffs sustained damages in excess of $5,000 and that the only thing the Notice of Removal offered was a statement that: "On information and belief, Plaintiffs seek in excess of $75,000 exclusive of interests and costs." Apparently recognizing the deficiency of its Notice of Removal, Travelers now attempts to engage in revisionist history and seeks to amend its Notice so as to add documents outside of the Notice of Removal and the Complaint, which information was available to Travelers at the time it filed its Notice of Removal. In any event, putting aside the propriety of such an approach, Travelers still has not satisfied its burden of establishing the requisite amount in controversy.

On the issue of amount in controversy, Plaintiffs cited case law from this jurisdiction that the <u>possibility</u> that a case might satisfy the jurisdictional amount is of no consequence -- strict construction of the removal statute requires the presence of actual grounds at the time the notice for removal is filed. <u>Julien v. CAA of Tennessee, Inc.</u>, 268 F. Supp. 2d 19, 21 (D.D.C. 2003). While on one hand Defendant concedes that District of Columbia law applies, it nonetheless attempts to circumvent this standard by relying on a 1938 Fourth Circuit case and a case out of the United States District Court for the Southern District of Florida for the proposition that in assessing the jurisdictional amount in an insurance coverage dispute, the court should look at the insurance coverage limits and the potential liability the insured (and, eventually, the insurer by means of indemnity) will face should the insured be found liable in the underlying litigation which gave rise to the duty to defend. See <u>Aetna Cas. & Sur. Co. v. Yeatts</u>, 99 F.2d 665 (4th Cir. 1938); <u>Clarendon Am. Ins. Co. v. Miami River Club, Inc.</u>, 417 F. Supp. 2d 1039 (S.D. Fla. 2006).

Travelers reasons that because the Underlying Suits against Plaintiffs allege damages against them collectively in the total amount of $802,880, and because Travelers is responsible for indemnifying Plaintiffs should they be adjudged liable in the Underlying Suits, this Court should conclude that the amount in controversy in the instant case is the sum of all damages alleged by the litigants in the Underlying Suits, plus the instant Plaintiffs' costs of defense in those Underlying Suits, "and the various other damages that Plaintiffs seek from Travelers in this action." Opposition at p. 5. Travelers makes no attempt to quantify the "costs of Plaintiffs' defense" or the "various other damages that Plaintiffs seek from Travelers." Thus, in terms of quantifying the amount in controversy in the instant case, Travelers relies solely on its aggregation of damages claimed against Plaintiffs by the litigants in the Underlying Suits, which damages Travelers will not be responsible for unless and until there are judgments of liability entered in the Underlying Suits, all of which are currently pending.

Not only does Travelers' argument run afoul of the rule of this Court that the possibility that a case might satisfy the jurisdictional amount is of no consequence, the two foreign cases upon which Travelers relies are not universally embraced. For example, in the case of _Acuity v. Interlog USA, Inc., 2005 U.S. Dist. LEXIS 30466 (W.D. Wis. 2005)_, the trial court granted defendant's motion to dismiss based on lack of subject matter jurisdiction for failure to satisfy the jurisdictional amount in controversy. In so ruling, the court held that the amount for which the insurer might ultimately be required to indemnify the insured could not be considered in determining whether the amount in controversy was met because that issue was not yet ripe while the underlying litigation was still pending. The court further found that the insurer did not produce competent evidence of the attorney fees incurred in defense of the underlying case.

A similar scenario arose in the case of <u>American Economy Ins. Co. v. Wholesale Life Ins. Brokerage, Inc.</u>, *2004 U.S. Dist. LEXIS 18519 (N.D. Ill. 2004)*, in which an insurance company brought a declaratory judgment regarding its duty to indemnify and defend its insured in a state court class action.  The defendants alleged that plaintiff failed to establish that the amount in controversy was at least $75,000 because the state court action was still pending and thus did not count toward the amount in controversy, and because plaintiff did not submit competent proof of defendants defense costs regarding the state court action.  The court agreed and granted the defendants' motion to dismiss.  <u>See also</u>, <u>Russ v. Unum Life Ins. Co.</u>, *442 F. Supp. 2d 193, 197 (D.N.J. 2006)*, <u>citing</u> <u>Gray v. Occidental Life Ins. Co. of Cal.</u>, *387 F.2d 935, 936 (3rd Cir. 1968)* (Federal courts generally do not consider possible future outlays under insurance policies when calculating the amount in controversy); <u>Keck v. Fidelity and Casualty Co. of New York</u>, *359 F.2d 840, 841 (7th Cir. 1966)* (Future benefits payable under a disability insurance policy may not be used to calculate amount in controversy unless validity of policy is at issue); <u>Bree v. Mutual Benefit Health and Accident Assn.</u>, *182 F. Supp. 181, 183 (E.D. Pa. 1959)* (Potential insurance benefits payable after suit is filed could not be considered in ascertaining the amount in controversy).

As applied to the instant case, Travelers has failed to produce competent evidence establishing that the amount in controversy threshold has been met.  Accordingly, Plaintiffs renew their request that their motion to remand be granted and that the instant case be remanded to the Superior Court of the District of Columbia.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GREENSTEIN DELORME & LUCHS, P.C. |
| Dated: October 16, 2007 | _____/S/_____<br>William C. Casano, #352492<br>Richard W. Luchs, #243931<br>Roger D. Luchs, #347609<br>1620 L Street, N.W., Suite 900<br>Washington, DC 20036-5605<br>Telephone: (202) 452-1400<br>E-mail: rwl@gdllaw.com<br>E-mail: wcc@gdllaw.com<br>E-mail: rdl@gdllaw.com |
|  | *Attorneys for Plaintiffs* |