IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN Development Group, LLC, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>The Travelers Indemnity Company of Connecticut,<br><br>*Defendant*. | Civil Action No. 07-1546 (RBW)<br>Assigned to:  Judge Reggie B. Walton |

## **JOINT REPORT OF THE PARTIES PURSUANT TO LCvR 16.3**

1.   The following persons participated in a conference of counsel pursuant to Rule 26(f) and Local Rule 16.3 on November 20, 2007, by teleconference:

   A.   William C. Casano for Plaintiffs RWN Development Group, LLC, 1700 Kalorama Condominium LLC, and Richard W. Naing.

   B.   Steven M. Klepper for Defendant The Travelers Indemnity Company of Connecticut.

2.   Initial Disclosures:  The parties will complete by January 15, 2008, the initial disclosures required by Rule 26(a)(1).

3.   Discovery Plan.  The parties propose this discovery plan:

   A.   Plaintiffs believe that discovery will be needed on these subjects:

   (i)   Negotiation regarding insurance policy or policies issued;

   (ii)   Claims made against Plaintiffs which arguably implicate Defendant's insurance coverage;

   (iii)   Plaintiffs' claims to Defendants;

   (iv)   Defendant's investigation of Plaintiffs' insurance claims;

    (v) Facts relevant to the interpretation of insurance coverage; and

    (vi) The allegations made by the parties in their respective pleadings.

  B. The period for discovery will commence on November 20, 2007.

    (i) The last day to propound written discovery is February 19, 2008.

    (ii) The last day to complete fact discovery is April 30, 2008.

    (iii) If the parties choose to retain expert witnesses, expert witness reports must be exchanged by the following dates:

      (a) Proponent witness: May 16, 2008; and

      (b) Rebuttal witness: June 6, 2008.

    (iv) Expert depositions must be completed by July 11, 2008.

  C. The parties do not wish to alter the federal rules governing interrogatories, requests for admissions, or depositions.

  D. The parties at this time do not believe a protective order is necessary.

4. Other Items:

  A. The Court has scheduled a Rule 16 initial conference before the issuance of a scheduling order to be held on December 12, 2007 at 9:00 a.m.

  B. This case was originated in the Superior Court of the District of Columbia and removed by Defendant to the United States District Court for the District of Columbia on August 30, 2007. There is pending Plaintiffs' motion to remand the case back to the Superior Court, which motion was filed on September 19, 2007. Disposition of that motion has the potential to eliminate this case from this Court's docket.

  C. Plaintiffs and Defendant must amend pleadings or join additional parties by February 1, 2008.

  D. The parties do not believe the case should be assigned to a magistrate judge for all purposes.

  E. The parties believe there is a realistic possibility of settling the case.

  F. The parties do believe that an alternate dispute resolution would enhance settlement prospects.

  G. The parties do not believe the trial or discovery should be bifurcated or managed in phases.

  H. The dates governing dispositive motions shall be as follows:

   (i) The final date to file a dispositive motion shall be August 15, 2008.

   (ii) Any opposition to a dispositive motion shall be due by September 5, 2008.

   (iii) Any replies in support of a dispositive motion shall be due by September 19, 2008.

   (iv) The parties propose that a decision on dispositive motions be made by October 20, 2008.

  I. The parties shall submit a pretrial statement by November 21, 2008, including witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists pursuant to Rule 26(a)(3).

  J. Objections to proposed witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists pursuant to Rule 26(a)(3) shall be made by December 5, 2008.

  K. The parties request that a pretrial conference will be held on December 15, 2008.

  L. The parties propose that a trial date be set at the final pretrial conference. The parties estimate the length of the trial to be 2 to 3 days.

5. <u>Plaintiffs' Statement of Facts and Basis for All Claims of Action</u>.

  This is an insurance coverage case. Plaintiffs are insureds under a policy issued by Travelers providing general liability, business owners, and boiler and machinery coverage with respect to a condominium known as 1700 Kalorama Lofts (the "Property"). Plaintiffs gave Travelers notice of claims and demanded a defense in 2006, when a series of lawsuits (the "Underlying Suits") were filed against some or all of the Plaintiffs by condominium owners and/or the condominium association alleging that various problems at the Property were the result of improper design, improper installation and construction and seeking damages for loss of enjoyment and diminished value of their units, discomfort and emotional distress,

punitive damages and attorneys' fees. It is Travelers' refusal to defend and indemnify Plaintiffs with respect to the Underlying Lawsuits which caused them to file the instant case.

The Complaint, filed in Superior Court of the District of Columbia, in Count I seeks a declaratory judgment that the allegations of the Underlying Suits state causes of action within the coverage of the policy and that Travelers has a duty to defend the insurers under the policy, an Order compelling Travelers to assume defense of the insureds in the Underlying Suits, and a judgment in the amount of defense costs Plaintiffs have incurred and will incur in the Underlying Suits. The basis for that claim is the District of Columbia's declaratory judgment statute and terms of the insurance policy. Count II of Complaint is a breach of contract claim on the same grounds as Count I. Plaintiffs seek damages in the nature of reimbursement of their defense costs. Count III states a bad faith claims handling cause of action in that Travelers' and alleges that Travelers' refusal to defend was made without a reasonable basis and that it knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiffs' claims. Specifically, Plaintiffs provided information why each of the coverage exclusions proffered by Travelers was inapplicable, yet Travelers refused to alter its position. The basis for this claim is common law. The issue of whether the cause of action is available in the District of Columbia is an open question in the local courts. Count IV alleges Breach of the Covenant of Good Faith and Fair Dealing and is based upon the duty imposed by District of Columbia law.

      6.      <u>Defendant's Statement of Facts and Basis for Defenses</u>.

          A.      <u>Defendant's Statement of Facts</u>

Travelers issued a commercial general liability policy ("the Policy") to 1700 Kalorama, LLC, with respect to a condominium development. Travelers must defend only suits that seek damages because of covered "bodily injury" or "property damage" caused by an "occurrence," as the Policy defines those terms. The Plaintiffs tendered to Travelers three complaints alleging defects in the development: (1) the Unit Owners' Association alleges that structural defects in the development lead to various problems, including water infiltration and visible deterioration of the common elements: (2) unit owners Tommy Rodgers and Sharon Bresin allege that their rooftop terrace is not suited for its intended use, that their parking unit is too small, that their HVAC system is inadequate, and that they suffered emotional distress; and (3) unit owner Julia Hyman alleges that her HVAC system is inadequate, and that she suffered emotional distress.

          B.      <u>Basis for Defenses</u>

It is the Plaintiffs' burden to establish that each is an "insured" under the Policy. RWN Development Group, LLC and Richard W. Naing, who are defendants in the Rodgers/Bresin action and the Hyman action, are not named in the Policy and are not entitled to a defense unless they can prove they qualify as "insureds" under Section II of the coverage form.

It is Plaintiffs' burden to establish that the complaints seek damages because of "bodily injury" or "property damage" caused by an "occurrence." Even if Plaintiffs can meet that burden, which they cannot, any "bodily injury" or "property damage" falls within the policy exclusion for real estate development activities. It is Plaintiffs' burden to establish

that the exception to that exclusion for the renovation of "an existing building owned by the Named Insured" applies, and the facts to date indicate that the exception is inapplicable.

Dated:  November 30, 2007

Respectfully submitted,

| | |
|---|---|
| /S/  William C. Casano | /S/  Steven M. Klepper |
| Richard W. Luchs, Bar #243931 | Lee H. Ogburn, Bar # MD 00118 |
| William C. Casano, Bar #352492 | Steven M. Klepper, Bar # MD 26664 |
| Roger D. Luchs, Bar #347609 | KRAMON & GRAHAM, PA |
| GREENSTEIN DELORME & LUCHS, PC | One South Street, Suite 2600 |
| 1620 L Street, N.W., Suite 900 | Baltimore, MD  21202 |
| Washington, DC  20036-5605 | Telephone:  (410) 752-6030 |
| Telephone:  (202) 452-1400 | Facsimile:  (410) 539-1269 |
| E-mail:  rwl@gdllaw.com | *Attorneys for Defendant* |
| E-mail:  wcc@gdllaw.com | |
| E-mail:  rdl@gdllaw.com | |
| *Attorneys for Plaintiffs* | |