UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWN DEVELOPMENT GROUP, LLC, <u>et</u>. <u>al</u>. )<br>                                                    )<br>            Plaintiffs,                          )<br>                                                    )<br>     v.                                           )<br>                                                    )<br> TRAVELERS INDEMNITY                  )<br> COMPANY OF CONNECTICUT,        )<br>            Defendant,                         )<br>                                                    ) | Civil Action No. 07-1546 (RBW) |

**MEMORANDUM OPINION**

The plaintiffs, RWN Development Group, LLC, 1700 Kalorama Condominium LLC, and Richard W. Naing, filed their complaint in this action in the Superior Court of the District of Columbia on July 31, 2007, seeking a declaratory judgment against the defendant, The Travelers Indemnity Company of Connecticut.  Notice of Removal Exhibit ("Ex.") 2 (Complaint for Declaratory Judgment and for Damages) ("Compl.") ¶¶ 1-4, 20.  The plaintiffs requested, <u>inter alia</u>, that the Superior Court enter a judgment declaring that the defendant "had a duty under the [subject insurance] Policy to defend [the] [p]laintiffs in the Underlying Suits [pending against the plaintiffs in the Superior Court]" and enter an order for the defendant to assume the plaintiffs' defense.  <u>Id</u>. ¶ 20.  The defendant filed a Notice of Removal in this Court on August 30, 2007,  "on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1)."  Notice of Removal ¶¶ 1-7; <u>see</u> <u>also</u> 28 U.S.C. § 1332(a)(1) (2000) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) Citizens of different States[.]").  Currently before the Court is the

plaintiffs' Motion to Remand Case to Superior Court for the District of Columbia.[1]  Motion to Remand Case to Superior Court for the District of Columbia ("Pls.' Mot."). For the reasons set forth below, the plaintiffs' motion to remand is granted.

### I.  BACKGROUND

The parties allege the following facts in support of their claims.  The defendant is a Connecticut corporation with its principal place of business in Hartford, Connecticut and the plaintiffs are all citizens of Maryland, the District of Columbia, or both jurisdictions. Defendant's Motion for Leave to File Amended Notice of Removal ("Def.'s Mot. to File ") Attachment ("Attach.") 1 (Am. Notice of Removal) ¶¶ 3-6; see also id. Ex. A (Compl.) ¶¶ 1-4. The defendant issued an insurance policy to plaintiff 1700 Kalorama Condo LLC in November 2004, which listed the other plaintiffs as insureds under the policy and provided coverage for "general liability, business owners, and boiler and machinery. . . concerning a condominium. . . to be developed by Condo, LLC[.]" Id., Ex. A (Compl.) ¶ 6.  In the summer of 2006, three lawsuits ("the Underlying Suits") were filed against the plaintiffs in the Superior Court alleging, inter alia, breach of contract and negligence on the part of the plaintiffs.  See generally Def.'s Mot., Ex. A (Compl.) ¶¶ 10-11; see also id., Ex. E (Complaint filed by Tommy Rudgers and Sharon Bresin), Ex. F (Complaint filed by Julia Hyman Tomala), and Ex. G (Complaint filed by The Unit Owners Association of 1700 Kalorama Lofts, A Condominium) (collectively referred to as "Complaints in the Underlying Suits").  These three lawsuits apparently are currently still

---

[1] The following papers have also been submitted to the Court in connection with this motion: (1) Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand ("Pls.' Mem."),  (2) Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand Case to Superior Court for the District of Columbia ("Def.'s Opp'n"), and (3) Plaintiffs' Reply Concerning Motion to Remand Case to the Superior Court of the District of Columbia ("Pls.' Reply").  The defendant has also filed a motion for leave to file an amended notice for removal seeking to amend its original notice of removal in order to include documents referenced in the plaintiff's complaint to dispel any purported ambiguity as to the amount in controversy in this action,  Defendant's Motion for Leave to File Amended Notice of Removal ("Def.'s Mot. to File Am. Notice of Removal"), which the Court grants.

pending in the Superior Court, Pls.' Reply at 2 ("The Underlying Suits are currently pending and no liability for damages has as yet been imposed on [the p]laintiff[s][]"), and collectively seek damages totaling $802,880.  Def.'s Mot. ¶ 4(c); id., Exs. E-G (Complaints in the Underlying Suits).

The plaintiffs then filed this action in the Superior Court on July 31, 2007, after the defendant refused to defend them in the Underlying Suits, Pls.' Mot. ¶ 1; Def.'s Mot., Ex. A (Compl.), and the defendant filed its Notice of Removal on August 30, 2007, removing the case to this Court pursuant to 28 U.S.C. § 1332 (a)(1) and 28 U.S.C. § 1441(a) (2000).  Notice of Removal filed on August 30, 2007;  see also 28 U.S.C. § 1332 (a)(1)(conferring to federal district courts original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000" and all parties are from different states); 28 U.S.C. § 1441(a) (allowing a defendant to remove a civil action brought in a state court to federal court when the federal court has original jurisdiction).  The plaintiffs filed their Motion to Remand with this Court on September 19, 2007, alleging that the Complaint "does not satisfy the jurisdictional amount requirement of 28 U.S.C. § 1332(a)" and the "[d]efendant has failed to establish anything to the contrary."  Pls.' Mot. ¶ 5.  Subsequently, on October 10, 2007, the defendant also filed its Motion for Leave to File an Amended Notice of Removal seeking to amend its original notice of removal in order to include documents referenced in the plaintiffs' complaint to dispel any purported ambiguity as to the amount in controversy in this case.

## II.  STANDARD OF REVIEW

A defendant may remove a civil action from a state court to the federal district court "embracing the place where such action is pending" when the district court has original jurisdiction.  28 U.S.C. § 1441(a); see Julien v. CCA of Tenn., Inc., 268 F. Supp. 2d 19, 21

(D.D.C. 2003); see also Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West, 366 F. Supp. 2d 33, 37 (D.D.C. 2005) (Walton, J.) ("Only state-court actions that originally could have been filed in the federal court may be removed to federal court by the defendant." (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). A federal district court has original jurisdiction when the amount in controversy in the civil action exceeds $75,000, exclusive of interest and costs, and the action is between "citizens of different states." 28 U.S.C. § 1332(a); see Adolph Coors Co. v. Truck Ins. Exch., No. 04-2150, 2005 U.S. Dist. LEXIS 3588, at *5 (D.D.C. Feb. 28, 2005) ("Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs."). When a plaintiff seeks to remand to state court a case that was removed to federal court, "[t]he party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." Int'l Union, 366 F. Supp. 2d at 36; see also Phillips v. Corr. Corp. of Am., 407 F. Supp. 2d 18, 20 (D.D.C. 2005) (placing the burden of proving jurisdiction on the defendant when the plaintiff files a motion to remand); Harding-Wright v. D.C. Water & Sewage Auth., 350 F. Supp. 2d 102, 104 (D.D.C. 2005) ("[B]ecause the defendant is the party asserting federal court jurisdiction, it bears the burden of proving that jurisdiction.").

When calculating whether the party opposing a motion to remand has met its burden of establishing federal jurisdiction, a federal court must "strictly construe" the removal statute, Int'l Union, 366 F. Supp. 2d at 36 (citing Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003)); Julien, 268 F. Supp. 2d at 21 (citation omitted), "because federal courts are courts of limited jurisdiction." Int'l Union, 366 F. Supp. 2d at 36 (citation omitted); see Nwachukwu v. Karl, 223 F. Supp. 2d 60, 65 (D.D.C. 2002) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)) ("Federal courts have limited jurisdiction."). As a

result of this jurisdictional limitation, "the law presumes that 'a cause lies outside of [a federal court's] limited jurisdiction.'"  Julien, 268 F. Supp. 2d at 21 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994))(alterations in original); Coors, 2005 U.S. Dist. LEXIS 3588, at **4-5.  Any doubts as to whether federal jurisdiction exist must be resolved in favor of remand.  See Harding-Wright, 350 F. Supp. 2d at 104 (citing Nwachukwu, 223 F. Supp. 2d at 66); see also Int'l Union, 366 F. Supp. 2d at 36 (quoting Johnson-Brown v. 2200 M St., LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("[T]he court must resolve any ambiguities concerning the propriety of removal in favor of remand.").  A federal court must also remand an action to state court "if a defect in removal proceedings or lack of subject-matter jurisdiction becomes apparent at any point prior to final judgment[.]" Julien, 268 F. Supp. 2d at 21 (citing 28 U.S.C. § 1447© (2000)); see Harding-Wright, 350 F. Supp. 2d at 104 ("When a federal district court determines at any time prior to final judgment that it lacks jurisdiction over a case that has been removed from state court, the district court must remand the case to the state court.").

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (holding that the "object" was the right of apple growers and dealers to conduct their business affairs free from the interference of a state statute). This predicate for exercising diversity jurisdiction is "established at the commencement of the action." Nwachukwu, 223 F. Supp. 2d at 66 (citing 28 U.S.C. § 1335(a) (2000)).  However, even "[i]f it becomes apparent during the course of litigation that from the outset the maximum conceivable amount in controversy was less than the jurisdictional minimum, the [c]ourt . . . lack[s] . . . subject matter jurisdiction." Nwachukwu, 223 F. Supp. 2d at 66.

### III.  LEGAL ANALYSIS

The plaintiffs argue that the "[d]efendant has failed to satisfy its burden to establish the jurisdiction of this Court, and remand is therefore mandated." Pls.' Mem. at 2.  As support for this argument, the plaintiffs contend that they did not specify any amount of damages[2] in their Complaint except for the assertion that "[p]laintiffs' damages exceed $5,000.00"as to their breach of contract claim.  Id. (citing Compl. ¶ 30).   Further, the plaintiffs assert that the defendant's "only allegations . . . with respect to jurisdictional amount were that: '. . . On information and belief, [the] [p]laintiffs seek in excess of $75,000, exclusive[] of interests and costs.'"  Id.  According to the plaintiffs, this general averment by the defendant is not enough to satisfy the burden of proof concerning jurisdictional amount.  Id. at 4.

In response, the defendant acknowledges that the plaintiffs' "Complaint does not specify a monetary demand," Def.'s Opp'n at 2; Def.'s Mot. to File Am. Notice of Removal, Attach. 1 (Am. Notice of Removal) ¶ 8, but argues that the amount in controversy requirement is satisfied because the Underlying Suits, which are referenced in the plaintiffs' Complaint, seek more than $75,000 in damages.  Def.'s Opp'n at 2-3;  Def.'s Mot. to File Am. Notice of Removal, Attach. 1 (Am. Notice of Removal) ¶ 8(a), ©.  The defendant contends that there can be no indemnification obligation without there first being an obligation to defend the plaintiffs in the Underlying Suits, and so by seeking a declaratory judgment as to the alleged defense obligation, the plaintiffs "necessarily have placed the indemnity obligation in controversy as well." Def's Opp'n at 3-4; Def.'s Mot. to File Am. Notice of Removal, Attach. 1 (Am. Notice of Removal) ¶ (8)(d)-(e).  The defendant therefore reasons that the "the value of the right that [the] [p]laintiffs

---

[2] The parties do not challenge that the required diversity of citizenship exists in this action.  See Def.'s Mot. to File Am. Notice of Removal, Attach. 1 (Am. Notice of Removal) ¶¶ 3-6 (demonstrating that the parties are all from different states); see also id., Ex. A (Compl.) ¶¶ 1-4 (listing the state citizenship of each party).

seek to protect, and the extent of injury they seek to prevent, is not limited to the cost of their defense against the [l]awsuit. [Rather,] [t]he amount in controversy encompasses the entire value of [the] [p]laintiffs' interest in establishing . . . coverage for the [l]awsuits, which seek $802,880 in damages, . . . ." Def.'s Opp'n at 5.  And, because the Underlying Suits seek an aggregate of $802,880 in damages from the plaintiffs, the defendant contends that the jurisdictional amount for diversity jurisdiction has been satisfied.  Id.  While at first blush the defendant's position seems correct, the record before the Court in this case does not support it.

  Although the parties have not cited, and this Court's research has not discovered, any legal authority from the District of Columbia Circuit addressing the issue of whether a potential indemnification obligation should be considered in assessing the amount in controversy, several federal courts have answered the question in the affirmative.  In Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006), the plaintiff-appellant, Meridian Security Insurance ("Meridian"), appealed a federal district court's dismissal of its complaint for want of jurisdiction.  Meridian had requested that the district court "issue a declaratory judgment that it need not defend or indemnify its insured, The Rose Depot of Arlington Heights, against a claim pending in state court."  Id. at 537.  Kamal Haddad, who filed the lawsuit pending in state court on behalf of a class, "sought damages on account of unsolicited advertising faxes that The Rose Depot had sent to prospective customers."  Id.  "Haddad proposed to represent a class of 'more than 50' recipients of fax ads, and Meridian calculated the stakes of its federal suit by multiplying $1,500 (the maximum award per fax) by 51 (the minimum size for the class), which yields $76,500, or $1,500 more than the minimum required for federal jurisdiction."  Id.  The Seventh Circuit concluded that "Meridian's potential obligation to indemnify The Rose Depot was in controversy from the moment [the] suit began and could have been resolved while the

state suit was ongoing." Id. at 539.  The Seventh Circuit further found that "a declaratory judgment that the insurer need not defend means that it need not indemnify either, whether or not the plaintiff makes good on his contentions." Id.  Relying on the Supreme Court's holding in St. Paul Mercury Indem.y Co. v. Red Cab Co., 303 U.S. 283, 293 (1938), the Seventh Circuit in Meridian, held that "[a]lthough the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . [,] once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold."441 F.3d at 541 (citation omitted); see also Grinnell Mut. Reinsurance Co. v. Shierk, 121 F.3d 1114 (7th Cir. 1997); Motorists Mut. Ins. Co. v. Simpson, 404 F.2d 511, 515 (7th Cir. 1968).[3]

Similar to Meridian, in Clarendon Am. Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309 (S.D. Fla. 2006) the plaintiff, Clarendon American Insurance Company ("Clarendon"), requested that the federal district court enter a "declaratory judgment . . . that it ha[d] no obligation to insure and provide a defense to its insured-the Miami River Club d/b/a Centro Espanol, . . . in a state court action involving the shooting death of Florentino Perdomo in the Club's parking lot." Id. at 13211-12.  "On February 2, 2005, the Perdomo Estate filed a complaint in [state court] . . . seeking damages against the Club and the alleged property owners of the club for their negligence which caused Perdomo's death." Id. at 1312.  The Club was named as the insured under an insurance policy issued by Clarendon that was in effect at the

---

[3] Several other Circuits also include the "potential outlay for indemnity" as a component in determining the amount in controversy. Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911-12 (5th Cir. 2002); Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979); Md. Gas. Corp. v. United Corp., 111 F.2d 443, 447 (1st Cir. 1940); U.S. Fid. & Guar. Co. v. Pierson, 97 F.2d 560, 562 (8th Cir. 1938). Moreover, both of the principal treatises on federal practice also "conclude that the potential indemnity obligation counts toward the jurisdictional minimum." Id. (citing 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 57.22[8][b] (rev. 2005); CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3710 (3d ed. 1998)).

time of Perdomo's death. Id. The policy had a personal injury limit of $1,000,000. Id. It appears that the insurance company in Claredon initiated the declaratory action in federal court and the defendants filed a motion to dismiss challenging the court's subject matter jurisdiction. Clarendon, 417 F. Supp. 2d at1315. The United States District Court for the Southern District of Florida found that

> in an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.

Id. at 1316. Applying these factors, the Court held that Clarendon satisfied the amount in controversy requirement because (1) the personal injury coverage limit under the policy was $1,000,000; thereby, "Clarendon could potentially face liability in excess of $75,000" and (2) "the Perdomo Estate . . . estimated that its damages in the underlying lawsuit will exceed $5,000,000," id.

Although the conclusions reached by the Meridian and Claredon courts seem correct, the defendant's reliance on these cases is misplaced. In Meridian, Meridian filed its declaratory judgment action in federal court. Meridian Sec. Ins. Co., 441 F.3d at 541. Likewise, it also appears that the insurance company in Claredon initiated its declaratory judgment action in federal court and the defendants filed a motion to dismiss challenging the court's subject matter jurisdiction. Clarendon, 417 F. Supp. 2d at1315. In contrast, here, the plaintiffs filed this matter in the Superior Court and alleged that its damages exceed $5,000. Compl. ¶ 30. Subsequently, the defendant filed a Notice of Removal and removed the case to this Court pursuant to 28 U.S.C. § 1332 (a)(1) and 28 U.S.C. § 1441(a). "When a case is originally brought in federal court, the plaintiff[s]' claimed amount [of damages] is presumed to support diversity

9

jurisdiction." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).  However, "[i]n a removed case, unlike a case instituted in federal court, the plaintiff[s] chose a state rather than federal forum." Id. As a result of the plaintiffs having initiated this case in state court, "[t]here is a strong presumption that the plaintiff[s] [have] not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." Id. (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997) (citation omitted). Whether this Court has jurisdiction in this case in light of the plaintiffs' desire to have it returned to the Superior Court must be reconciled with the principle that "[t]here is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the defendant in this case, to establish that the Court has subject matter jurisdiction over the action." Anderson v. Wiggins, 460 F. Supp. 2d 1, 6 (D.D.C. 2006) (citing Logan v. Dep't of Veteran Affairs, 357 F. Supp. 2d 149 (D.D.C. 2004)(citation omitted).  Moreover, the Court must also factor that "[w]hile a defendant does have a right, given by statute, to remove in certain situations, [the] plaintiff[s] [are] still the master of [their] own claim." Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Although the defendant asserts that the amount in controversy requirement is satisfied because the Underlying Suits each claim more than $75,000 in damages and claim an aggregate of $802,880 in damages those parties are entitled to recover from the plaintiffs in this action, Def.'s Opp'n at 3-4; Def.'s Mot. to File Am. Notice of Removal, Attach. 1 (Am. Notice of Removal), Exs. E-G (Complaints of the Underlying Suits), the defendant has not met its burden of establishing that the plaintiff's claims will exceed $75,000 for diversity purposes.  The Supreme Court has repeatedly stated that the test for determining whether a claim satisfies the

minimum dollar amount for diversity jurisdiction is: "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." See St. Paul Mercury Indemn. Co., 303 U.S. at 288-89 (footnote omitted). The Supreme Court added in St. Paul Mercury Indemn. Co.: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal," id., or in this situation remand to state court. see also QNE Int'l, Inc. v. Haar Industries, Civ. Action No. 88-1294, 1988 WL 110605, *1 (D.D.C. October 11, 1988) ("Disputes concerning the amount in controversy are decided according to the 'good faith/legal certainty' test set forth in St. Paul Mercury Indemn. Co., 303 U.S. at 288-89."). Therefore, "when a plaintiff has alleged damages less than $75,000, and the defendant removes the case to federal court, '[the] defendant must prove to a legal certainty that [the] plaintiff's claim must exceed [$75,000]." Saberton, 392 F. Supp. 2d at 1360 (citing Burns, 31 F.3d at 1095).

    Here, the Court finds that the defendant has not provided any documentation any other supporting evidence to establish that the plaintiffs' claims exceed the $75,000 amount in controversy requirement of $75, 000. Although the defendant relies on the projection of the plaintiffs' in the Underlying Suits that their damages exceed $75,000, absent any supporting evidence to substantiates the asserted value of those claims reduces them to nothing more than pure speculation. It is common knowledge in the legal community (as confirmed by this Court's more than 22 years of judicial experience) that addendum clauses in civil cases often inflate the plaintiffs' actual damages. This factual reality implicates the legal maxim that "[r]emoval statutes are construed narrowly [and] where [a] plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Saberton, 392 F. Supp. 2d at 1360 (citing Burns, 31 F.3d at 1095); see also Foschi by Foschi v. U.S. Swimming, Inc., 916 F. Supp. 232, 238

(E.D.N.Y 1996) (quoting Burns, 31 F.3d at 1095). Accordingly, the Court must conclude that the defendant has failed to establish with legal certainty that the amount in controversy satisfies the floor necessary for this Court to have original jurisdiction in this matter based on diversity of citizenship.  Therefore, the plaintiffs' Motion to Remand must be GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the plaintiffs' Motion to Remand Case to Superior Court for the District of Columbia for lack of federal jurisdiction must be **GRANTED**.[4]

/s/_____
REGGIE B. WALTON
United States District Judge

---

[4] An order consistent with this Memorandum Opinion shall be filed contemporaneously herewith.